(No. 6466.   May 21, 1937.)

J. W. TAYLOR, Attorney General of the State of Idaho, Plaintiff, v. J. L. BALDERSTON, Commissioner of Law Enforcement of the State of Idaho, and G. B. CRANEY, State Purchasing Agent of the State of Idaho, Defendants.

[68 Pac. (2d) 761.]

J. W. Taylor, Attorney General, Ariel L. Crowley, E. G. Elliott, Lawrence B. Quinn and Bert H. Miller, Assistants Attorney General, for Plaintiff, filed no brief.

Paris Martin, Jr., for Defendants.

MORGAN, C. J.—This is an original proceeding to procure a writ of prohibition to prevent the commissioner of law enforcement and the state purchasing agent from disposing of certain used automobiles, the property of the state, in use in the department of law enforcement, by exchanging them in part payment for new automobiles to be bought by the purchasing agent and to become the property of the state.

Plaintiff alleges, in his application for the writ, that defendants have applied to the state board of examiners for permission to exchange the used automobiles, which are of no further value to the state, in part payment for new ones; that, by a majority vote of the board, the request was granted; that there is no law authorizing a state official to so dispose of equipment belonging to the state and that I. C. A., sec. 65–2202, prohibits such transaction. It is as follows:

"Whenever, in the judgment of any state official in responsible charge of any department or political subdivision of the state of Idaho, any supplies or equipment belonging to the state of Idaho are of no further value to the state, or to such department or subdivision, such official may, with the consent of the board of examiners of the state of Idaho, sell in the name of the state such supplies or equipment at either public or private sale. All funds received from such sale must be turned into the 'General Fund' of the state, except when such supplies or equipment are the property of the state highway department, in which case said funds shall be turned into the state highway fund."

It is further alleged that defendants have threatened to and will, unless restrained from so doing, dispose of the used automobiles in part payment for new ones for use in the department of law enforcement.

Defendants answered the application and made return to the alternative writ alleging, among other things, that it has

for a long time been the custom and practice in Idaho for state officials to trade in state equipment in part payment of the purchase price of new equipment; that such exchanges are taken into consideration when making up budget estimates for the departments; that such practice is followed in the interest of economy and efficiency, and that if it were not followed the appropriation requirements for each department would be materially increased. Defendants further allege:

"That the supplies and equipment, to-wit, automobiles, which the said defendants have threatened to and will trade in, unless restrained by this Court, have further value to the State, and that if retained by the State they can and will be used for additional periods of time varying from one to three years; but that such use of this equipment will cause great financial loss to the State by reason of decreased economy of operation, lessened efficiency, and great depreciation in value, and required repairs and replacements."

They further allege that the used automobiles can be applied, by exchange, on the purchase price of new ones for a consideration which represents a value of at least twice the price which could be obtained for them in cash; that I. C. A., sec. 65-2202, was enacted in 1921, when the state owned large quantities of equipment and supplies which had been obtained for use during and in connection with the World War; that after the war said supplies and equipment were no longer of use to the state, and that the legislature enacted said section in order to provide a lawful means by which said equipment and supplies could be disposed of.

Plaintiff filed a general demurrer to the answer and return to the alternative writ, which admits the truth of the properly pleaded, material allegations thereof. It is agreed the ruling on demurrer will dispose of the case.

By sec. 65-1502 it is made the duty of the purchasing agent to purchase supplies and equipment required by the state departments, charitable, educational, penal and reformatory institutions. Sec. 65-1505 requires him to make and keep an inventory of all property belonging to the state and used in and about the state departments and institutions, and sec. 65-1506 is as follows:

"The commissioners of departments and superintendents or other executive officers of state institutions shall be charged with all the items of said inventory, and shall be responsible therefor and for all future purchases, and shall be credited with all items worn out, lost, injured or destroyed without fault on their part. Itemized statements of this account shall be furnished the state purchasing agent monthly by the state institutions and quarterly by the state departments. The commissioners and superintendents or executive officers of institutions shall be responsible for items they can not account for under the provisions of this chapter."

Our attention has been directed to no provision of law on this subject, other than the sections of the code above referred to, and we know of none, which tends to justify any official in disposing of automobiles belonging to the state. In the absence of constitutional or statutory authority no more right exists for a public official to trade off state property than for a private employee to trade off the property of his employer without his knowledge and consent.

The financial advantage to be derived by the state from making the trade is no justification for making it. If automobiles belonging to the state are to be legally disposed of other than as by statute at present provided, authority to do so must be procured from the legislature. The demurrer is sustained and the peremptory writ of prohibition will issue.

Holden, Ailshie and Givens, JJ., concur.

BUDGE, J., Concurring Specially.—I. C. A., sec. 65-2202, *inter alia*, provides:

"Whenever, in the judgment of any state official in responsible charge of any department . . . . of the state . . . . any . . . . equipment belonging to the state . . . . are of no further value to the state . . . . such official may, with the consent of the board of examiners, . . . . sell . . . . such . . . . equipment. . . . . *All funds received from such sale must be turned into the 'General Fund' of the state.* . . . . "

Said statute further provides that where the property sold under the above statute is the property of the state highway department the funds so received shall be turned into the state highway fund. The statute requires no construction. It provides in clear and unmistakable language that property of the state that is of no further value in the judgment of any official in responsible charge of any department may be sold with the consent of the board of examiners and the funds received paid into the general fund, except where the property belongs to the state highway department. If it is highway property that is sold under the above statute the funds so received shall be turned into the highway fund. I know of no statute authorizing the sale or disposition of property of the state otherwise than as provided in the statute above referred to, and property of the state can be sold in no other way than in accordance with the statute. The statute does not provide for exchange of property of the state for other property or in part payment for other property, nor for the diverting of funds received for the sale of state property of no further value out of the general or highway funds.

For the reasons above stated, in my opinion, a permanent writ of prohibition should issue.